YUO-FONG C. AMATO (Bar No. 261453)
bamato@gordonrees.com
GORDON REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92131 USA
TEL: 619.230.7714
FAX: 619.696.7124

Attorney for Plaintiff
CROSSFIT, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>360 FITNESS SUPERSTORE, a business entity of unknown origin; ALEX KRICHEVSKY, individually,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **Trademark Infringement [15 U.S.C § 1114];**<br>2. **False Designation of Origin [15 U.S.C § 1125(a)];**<br>3. **Trademark Dilution [15 U.S.C § 1125(c)];**<br><br>**JURY TRIAL DEMAND [FRCP 38]** |

Plaintiff CrossFit, Inc. ("Plaintiff" or "CrossFit") for its Complaint against Defendants 360 Fitness Superstore and Alex Krichevsky (collectively, "Defendants") respectfully alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action for willful violations of CrossFit's intellectual property rights, including trademark infringement arising out of Defendants' unauthorized use of CrossFit's registered service marks and trademarks and/or terms confusingly similar to CrossFit's registered service marks and trademarks.

## JURISDICTION AND VENUE

2. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

3. This Court has subject matter jurisdiction over CrossFit's claims as federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and (b).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

5. Plaintiff CrossFit, Inc. ("Plaintiff" or "CrossFit"), is a Delaware Corporation principally engaged in the business of fitness training and consultancy. CrossFit is the owner of protectable interests in several registered United States trademarks and service marks comprised of the term "CrossFit."

6. On information and belief, Defendant 360 Fitness Superstore is a business entity of unknown form or origin with its places of business located at 727 Francisco Blvd East, San Rafael, California, 94901, and 1821 Mt. Diablo Blvd, Walnut Creek, California, 94596. Defendant 360 Fitness Superstore is a retail company that offers fitness and exercise equipment online and in stores.

7. On information and belief, Defendant Krichevsky is a California resident residing in the San Francisco Bay Area.

8. On information and belief, Plaintiff hereby alleges that 360 Fitness Superstore is the alter ego of Krichevsky because there is a unity of ownership and interest between Krichevsky and 360 Fitness Superstore, such that no separation between the two defendants actually exists. On information and belief, Krichevsky is the owner of 360 Fitness Superstore, treats the assets of 360 Fitness Superstore as his own, and authorized and/or ratified all of the acts of 360 Fitness Superstore, alleged herein for his own personal benefit. Because Krichevsky has utilized 360 Fitness Superstore's assets for personal gain and has diverted funds generated by 360 Fitness Superstore to his own for personal use, treating Krichevsky and 360 Fitness Superstore as separate entities would be unjust.

## GENERAL ALLEGATIONS

### Plaintiff's Trademarks

9. CrossFit, Inc. ("CrossFit") is the owner of the CROSSFIT® family of trademarks as registered with the United States Patent and Trademark Office, Registration Numbers 3,007,458; 3,826,111; 4,049,689, 4053443 and 4,122,681 for use with its many products and services beginning at least as early as 1985. CrossFit also has many pending applications for the CROSSFIT® marks, including Serial Numbers 77/719,836; 77/719,838; 77/719,842; 77/719,862; 85/629,318; 85/595640, 85/595,646 and 85/595,737.

10. Plaintiff, through its founder, Greg Glassman, has conceived and developed a fitness regime designed to optimize fitness through varied functional movements. Plaintiff has invested a tremendous amount of time and capital making CROSSFIT® the premier brand for fitness related services to find the Fittest Man and Woman on Earth™. In 2009, Plaintiff registered the name CROSSFIT® in several categories, and submitted an intent to use application under Section 1(b) of Lanham Act (15 U.S.C. §1051 et. seq.) in international class 28 covering exercise equipment, and such application has been approved by the U.S. Patent and Trademark Office.

11. In an effort to further define the CROSSFIT® brand, Plaintiff has created a website, www.crossfit.com, to provide the Workout of the Day, training videos, and various other athletic advice to its clients.

12. Plaintiff aggressively polices and licenses the CROSSFIT® mark to affiliate trainers (and their gyms) who have undergone a specific training program, and who have been approved as a CROSSFIT® Level 1 Certificate Holder, to assure quality control and uniformity of the fitness programs worldwide.

### Defendant's Infringement of Plaintiff's Trademark

13. Defendants are not affiliated with Plaintiff. CrossFit has not licensed or given permission to Defendants to use the CROSSFIT® trademark. Despite the

foregoing, as early as 2012, Defendants, without Plaintiff's knowledge or permission, began using the CROSSFIT® mark multiple times on its website and Internet media to sell fitness and home gym equipment. Defendants offer for sale "CrossFit" Olympic lifting bars, medicine balls, bumper plates, kettlebells and more. A true and correct screenshot of Defendants' website home page is attached hereto as **Exhibit A**; a red circle and arrow have been added to direct attention to Defendants' use of the CROSSFIT® mark.

14. Defendants advertise their equipment using the CROSSFIT® mark through the same marketing channels that CrossFit utilizes, including various Internet media. Defendants' use of the CROSSFIT® mark creates the false impression that Defendants are licensed to use the CROSSFIT® mark, creating consumer confusion.

15. On information and belief, Defendants use the CROSSFIT® mark with the intent to mislead consumers into believing that Defendants are licensed to use the CROSSFIT® mark and with the intent to profit by trading on CrossFit's goodwill.

16. Defendants were and are, at all relevant times, at least constructively aware of CrossFit's prior use, ownership, and registration of the CROSSFIT® marks.

17. Defendants' use of the CROSSFIT® mark reflects a deliberate attempt by Defendants to give their goods an instant credibility that is not otherwise warranted, and to confuse an unsuspecting customer.

18. Defendants' use of the CROSSFIT® mark is likely to cause confusion or mistake, or deceive purchasers, potential purchasers, and the relevant consuming public and trade as to the source or sponsorship or approval of Defendants' products, and/or as to its affiliation with CROSSFIT®, and is thereby causing harm to CrossFit's reputation and goodwill.

19. Defendants' unlawful conduct is causing and will continue to cause harm to CrossFit. In particular, consumers seeing Defendants' goods sold under the CROSSFIT® mark will believe that the Defendants' goods are associated with CrossFit and/or the CROSSFIT® mark. This conduct, if not enjoined, will undermine the goodwill that CrossFit has spent decades carefully cultivating for its marks.

20. On October 18, 2012, CrossFit sent Cease & Desist communications to Defendant 360 Fitness Superstore, demanding Defendant cease and desist its use of the CROSSFIT® mark on Defendant's website, blogs, social media, third party website, advertisements, and in stores. On or about November 26, 2012, CrossFit sent additional Cease & Desist communications demanding again that Defendant cease using the CROSSFIT® mark.

21. On or about November 30, 2012, Defendant 360 Fitness Superstore continued to use the CROSSFIT® mark on its website, substituting "CrossFitness" for "CrossFit." CrossFit again contacted Defendant 360 Fitness Superstore to demand that Defendant cease using the CROSSFIT® mark, including confusingly similar variations such as "CrossFitness."

22. On December 5, 2012, CrossFit yet again contacted Defendant 360 Fitness Superstore regarding its continued use of the CROSSFIT® mark in Defendant's URL and meta-tags in its website. Plaintiff is informed and believes that the text in the URL and the meta-tags were included to lead people to Defendant's website who conduct Internet searches for "CrossFit" and "CrossFit equipment."

23. Following the December 5, 2012 communications, Defendant 360 Fitness Superstore removed references to the CROSSFIT® mark on its website and other media, and CrossFit considered the matter closed.

24. On or about February 1, 2014, CrossFit discovered that Defendants had begun using the CROSSFIT® marks yet again on its website as well as its social media profiles. On Defendants' www.360fitnesssuperstore.com website in particular, Defendants began using the CROSSFIT® mark as part of images instead of html text. On information and belief, Defendants did so willfully, with the intent that using the CROSSFIT® mark in images instead of html text, Defendants' resumed infringement may elude detection by CrossFit, since the content of images is usually not searched as part of automated searches.

25. Among other things, as part of this resumed infringement, Defendants claimed that they sold "CrossFit"-branded exercise equipment. Attached as **Exhibit B** is a true and correct copy of Defendants' current Facebook profile, and attached as **Exhibit C** is a true and correct copy of relevant metatags from Defendants' home page, www.360fitnesssuperstore.com; the CROSSFIT® mark has been highlighted in both exhibits.

26. On February 4, 2014, CrossFit sent a cease and desist communication to Defendants regarding the newly discovered use of the CrossFit mark by Defendants. Defendants made some changes to its website but did not remove all references to the CROSSFIT® mark, and did not respond to CrossFit.

27. On February 12, 2014, CrossFit sent another cease and desist communication to Defendants regarding Defendants' continued infringement of the CROSSFIT® mark. Defendants failed to respond.

28. On February 17, 2014, CrossFit sent yet another cease and desist communication to Defendants regarding Defendants' continued infringement of the CROSSFIT® mark. CrossFit informed Defendants that if Defendants did not cease infringement that CrossFit would be forced to bring a lawsuit. Defendants failed to respond.

# FIRST CLAIM
## Trademark Infringement (15 U.S.C. § 1114)

29. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in this Complaint, and incorporates such paragraphs as though fully set forth at length herein.

30. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

31. Defendants have used the CROSSFIT® mark to advertise and sell Defendants' fitness equipment in violation of CrossFit's rights in its registered trademarks and service marks.

32. Defendants' use of the CROSSFIT® mark is likely to cause confusion, mistake, and to deceive consumers.

33. Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade off CrossFit's goodwill.

34. Defendants acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of CrossFit.

35. Plaintiff has requested Defendants to cease and desist from utilizing any of Plaintiff's trademarks and has given Defendants actual notice of Plaintiff's trademark rights. Defendants had at some point ceased its infringement but then knowingly and willfully resumed such infringement, and attempted to hide such infringement by placing the CROSSFIT® mark in non-searchable images.

36. Defendants have refused to cease such infringing acts and have continued to actively and willfully advertise and solicit the sale of its goods improperly using Plaintiff's trademark.

37. By reason of the foregoing acts of trademark infringement, CrossFit has been injured in an amount not yet ascertained. Further, Defendants have been

unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

38. In addition, as a result of Defendants' acts of infringement, CrossFit has suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law, including damage to CrossFit's goodwill. Unless Defendants' acts of infringement are enjoined by this Court, CrossFit will continue to suffer an irreparable harm.

39. Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM
### False Designation of Origin (15 U.S.C. § 1125(a))

40. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in this Complaint, and incorporates such paragraphs as though fully set forth at length herein.

41. Defendants' use of CrossFit Marks in interstate commerce, without CrossFit's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Defendants' conduct infringed CrossFit's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

42. By reason of the foregoing, CrossFit has been injured in an amount not yet fully determined. Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of CrossFit's goodwill.

43. In addition, as a result of Defendants' acts of infringement, CrossFit suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law, including damage to CrossFit's goodwill. Unless Defendants' acts of infringement are enjoined by this Court, CrossFit will continue to suffer irreparable harm.

44.     Defendants' actions have been knowing, intentional, wanton, and willful.  The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM
### Trademark Dilution (15 U.S.C. § 1125(c))

45.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in this Complaint, and incorporates such paragraphs as though fully set forth at length herein.

46.     This claim is for trademark dilution under the laws of the United States, Section 43 of The Lanham Act, 15 U.S.C. § 1125(c).

47.     Because of the substantive investment CrossFit has made in marketing its business, throughout years of continuous use in commerce, including advertising and extensive marketing, CrossFit's service marks and trademarks have become instantly recognizable and distinctive in the fitness industry, have gained secondary meaning, and have become both distinctive and famous.  Thus, CrossFit Marks qualify as "famous marks" under the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. § 1125(c).

48.     Defendants' use of the CrossFit Marks began after CrossFit's Marks became famous.

49.     Defendants' unauthorized use of the CrossFit name is likely to cause dilution by blurring of the CrossFit Marks.

50.     Defendants willfully intended to trade on the recognition of the famous CrossFit Marks.

51.     By reason of the foregoing acts of trademark dilution, CrossFit has been injured in an amount not yet ascertained.  Further, Defendants have been unjustly enriched by virtue of their dilution of CrossFit Marks.

52.     In addition, as a result of Defendants' acts of infringement, CrossFit suffered and will continue to suffer irreparable harm for which CrossFit has no

adequate remedy at law, including damage to CrossFit's goodwill.  Unless Defendants' acts of infringement are enjoined by this Court, CrossFit will continue to suffer irreparable harm.

53.	Defendants' actions have been knowing, intentional, wanton, and willful.  The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

/ / /

/ / /

/ / /

## **PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

A. That judgment be entered in favor of Plaintiff that Defendants have infringed and is infringing Plaintiff's trademark;

B. That a preliminary and permanent injunction be issued pursuant to 15 U.S.C. § 1116 enjoining Defendants, its officers, agents, servants, employees, and all other persons acting in concert or participation with them from using, including but not limited to selling, or otherwise exploiting or attempting to exploit, Plaintiff's trademark for and/or in connection with any business involving the offer or sale of goods or services, or for any other purpose;

C. That Plaintiff be awarded all compensatory damages and Defendants' profits, with prejudgment interest, that it is entitled to under the Lanham Act according to proof at trial;

D. That Plaintiff be awarded all costs incurred herein;

E. That this case be decreed an "exceptional case" under the Lanham Act, and that Plaintiff be awarded trebled damages, attorneys' fees, costs, and any other remedy to which they are entitled; and

F. For such further relief as the Court deems just and proper.

DATED: February 25, 2014          GORDON REES LLP

By: /s/*Yuo-Fong C. Amato*
    YUO-FONG C. AMATO, ESQ.
    Attorney for Plaintiff
    CROSSFIT, INC.

## **JURY DEMAND**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff CrossFit, Inc. hereby demands a jury trial on all issues triable as of right to a jury.

DATED: February 25, 2014          GORDON REES LLP

By: /s/*Yuo-Fong C. Amato*
YUO-FONG C. AMATO, ESQ.
Attorney for Plaintiff
CROSSFIT, INC.

# Exhibit A

Webpage Screenshot



1821 Mt. Diablo Blvd, Walnut Creek, CA 94596
☎ (925) 933-0100
727 Francisco Blvd East, San Rafael, CA 94901
☎ (415) 460-9951

About us | Contact Us | Services | Guarantees | Clearance | Trade-In | CLOSE OUT | Promotions | Sitemap

Home | New! | Cardio | Strength | Commercial | Accessories | Professionals | Brands | Online Store | Financing

SAVE 15%
+ FREE EXTENDED LABOR WARRANTY
BOWFLEX Brands

SAME - DAY Delivery
30 - DAY Money Back Guarantee

email address
Subscribe

**360 Fitness Superstore** is NOT a chain store...
Family-owned since 1981, we provide fitness and exercise equipment with **personal service.** Our experienced staff has helped thousands of customers achieve their fitness goals, no matter how big or small. Read More>>

| TOP BRANDS | BEST SELLERS | TOP RATED | DEAL OF THE WEEK |
|---|---|---|---|

Life Fitness
Life Fitness Treadmills
Life Fitness Elliptical
Life Fitness Bikes
Life Fitness Home Gyms

TRUE
ESX Series Elliptical
TSX Series Elliptical

Octane FITNESS
Octane Ellipticals
Octane Seated Ellipticals

BOWFLEX
Adjustable Dumbbells
Replaces 15 sets of weights. Weights adjust from 5 to 52.5 lbs.

CROSSFIT
Cross-Training/WOD
Medicine Balls
Bumper Plates
Olympic Bars
Kettlebells
more>

PILATES & YOGA
Yoga & Pilates Bags
Yoga Towels & Cleaners
Yoga Blocks & Straps
Pilates Rings
Pilates Reformer

PRODUCTS
Commercial
Residential
Physical Therapy
Personal Trainer

Home Gyms
Treadmills
Ellipticals
Exercise Bikes

Spinners
Rowers
Stability & Balance
KettleBells

Abs & Core
Cross Training / WOD
Speed & Agility
Sports Perfomance

Benches & Stations
Yoga & Pilates
Weight & Dumbbells
Fitness Accessories

Contact Us
Services
Financing
Promotions
Online Store

Authorized Dealer Since 1981 | Life Fitness Lowest Prices! | LIMITED TIME OFFER! GREAT TRADE-IN OLD FOR NEW | DEAL OF THE WEEK | 0% NO INTEREST FINANCING AVAILABLE

North Bay: (888) 431-2702 ext 802    East Bay: (888) 431-2702 ext 803    South Bay: (888) 431-2702 ext 804

© Copyright 2012. Fitness Concept. 360 Fitness Superstore. All Rights Reserved

# Exhibit B


**360 Fitness Superstore** About ▼    👍 Like    Create Page

Sponsored 📣    See All



**727 Francisco Blvd East**
**San Rafael, California 94901**

Today 10:00 am – 6:00 pm

Phone: (415) 460-9951
Email: holly@360fitnesssuperstore.com
Website: http://www.360fitnesssuperstore.com

## Basic Info

| | |
|---|---|
| Joined Facebook | 04/19/2011 |
| Hours | Mon – Sat: 10:00 am – 6:00 pm<br>Sun: 11:00 am – 5:00 pm |
| Parking | Street<br>Parking Lot |

## Also On

Foursquare
Yelp

## About

360 Fitness Superstore, along with our original store Fitness Concept, has been a Bay Area & San Francisco Life Fitness authorized dealer since 1981.

Description

We carry any and all fitness equipment, from cardio and strength machines to yoga mats and medicine balls.

Our stores feature ellipticals, treadmills, exercise bikes (upright bikes and recumbent bikes, such as the Lifecycle and the Exercycle), steppers, rowing machines, home gyms, weights, bumper plates and all home gym equipment, plus a huge selection of fitness accessories.

We are a major fitness equipment dealer in the Marin & San Francisco Bay area. We are authorized dealers for Life Fitness, Precor, TRUE, Octane, Landice, Lemond, Bodyguard, StairMaster, Vectra, Tuff Stuff, Body-Solid, and Bodycraft, just to name a few.

Our fitness accessories include exercise balls, yoga mats, stretch bands, rubber bands, exercise books, exercise dvds, adjustable dumbbells, adjustable weights, heart monitors, mats & flooring. Our Fitness Concept store features home gym equipment including weights, smith machines, dumbbells, medicine balls, kettle bells, bumper plates, as well as cardio and strength machines such as exercise bikes, treadmills, ellipticals, steppers, and rowing machines.
Our 360 Fitness Superstore location carries fitness equipment for yoga, pilates, balance, strength, stability, plyometrics, stretching, and resistance, as well as all cardio and strength machines, direct from our fitness warehouse.

We can provide the ==fitness== equipment for any physical fitness training program, such as ==Crossfit, cr==oss training, core training, sports performance, sta==bility traini==ng, plyometrics, interval training, agility training, explosive training, interval training, resistance training, power lifting and rehabilitation. We carry fitness equipment suitable for personal trainers and fitness professionals, such as physical therapists and coaches.

Both Fitness Concept and 360 Fitness Superstore are authorized Life Fitness dealers, authorized Precor Dealers, authorized Landice dealers, authorized Octane dealers, authorized Bodyguard dealers, and authorized Landice dealers. We also carry other brands such as Kettler, Keiser, Nautilus, StarTrac, Water Rower, Schwinn, Powertec, and BodyBar.

We can supply all your fitness need at our store and fitness equipment warehouse!

**NORDSTROM: 2/14 LINGERIE**
shop.nordstrom.com

Shop sexy bras, panties & more for Valentine's Day. FREE Shipping & Returns.

**Shop at Amazon.com**
amazon.com

Nordic Naturals Ultimate Omega, 1,000 mg Fish Oil, 180 Soft Gels

**8 Days Free At UFC Gym**
ufcgym.com

Get an 8-day free guest pass, access to exciting classes and state-of-the-art equipment.
Jennifer Lehman Duffy and Juan Jose Hernadez like this.

**Yoga in Your Living Room**
yogaglo.com

Find your center wherever you are with online YogaGlo classes. Join our 15-day free trial!
Natascha Heller Watson and Julia Bastida like this.

**Washington University Law**
requestinfo.onlinelaw.wustl.edu

Earn an LL.M. in U.S. Law online at Washington University Law. Apply Today.

# Exhibit C

```html
none" href="Octane-Ellipticals.shtml"><font color="#333333">
                        </font>
                    </a>
                </font>
                <font color="#333333" size="2"> <br>
                </font>
                <font color="#000066" size="2">
                    <a style="text-decoration: none" href="Octane-Ellipticals.shtml">
                        <font color="#333333">Octane Seated Ellipticals</font></a><font color="#333333" size="2"> </font> </font> </span></td>
                <td height="166" width="169" bgcolor="#EEEEEE" align="left" valign="top">
                    <a href="Octane-Ellipticals.shtml" style="text-decoration: none">
                        <font color="#333333">
                            <img border="0" src="tabl-octane.jpg" width="111" height="129" align="top" alt="Octane Q35 Elliptical" title="Octane Q35 Elliptical"></font></a></td>
            </tr>
            <tr>
                <td height="24" width="340" colspan="3" bgcolor="#EEEEEE">
                    <b><font face="Tahoma">
                    <a href="bowflex.shtml">
                    <font color="#0000CC">
                    <img border="0" src="Bowflexlogo.jpg" width="158" height="20"></font></a></font></b></td>
                <td height="24" width="0" bgcolor="#EEEEEE"></td>
                <td height="24" width="297" colspan="2" bgcolor="#EEEEEE">
                    <a href="Cross-Training-WOD-Equipment.shtml" style="text-decoration: none">
                    </a>
                    <img border="0" src="images/Cross-Training-3.png" width="149" height="25" alt="Crossfit Equipment" title="Crossfit Equipment"></td>
                <td height="24" width="11" bgcolor="#EEEEEE"> </td>
                <td height="24" width="347" colspan="2" bgcolor="#EEEEEE">
                    <b><font face="Tahoma">
                    <a href="Yoga_Pilates.shtml">
                    <font color="#0000CC">
                    <img border="0" src="YogaPilates1.jpg" width="158" height="20"></font></a></font></b></td>
            </tr>
            <tr>
                <td height="164" width="12" valign="top" bgcolor="#EEEEEE">
                     </td>
                <td height="164" width="166" valign="top" bgcolor="#EEEEEE">
                    <span style="font-size: 11pt; font-family: Tahoma; font-weight: 700">
                    <font color="#333333">
                    <br>
                    <br>
                    Adjustable Dumbbells<br></font></span><span style="font-family: Tahoma; font-weight: 700"><font color="#000066" size="2"><a href="bowflex.shtml" style="text-decoration: none"><font color="#333333">Replaces 15 sets of weights. Weights adjust from 5 to 52.5 lbs.</font></a></font></span></td>
                <td height="164" width="162" bgcolor="#EEEEEE">
                    <b><font face="Tahoma">
                    <a href="bowflex.shtml">
                    <font color="#333333">
                    <img border="0" src="bowflex-weights.jpg" width="144" height="104" alt="Bowflex Adjustable Dumbbells"></font></a></font></b></td>
                <td height="164" width="0" bgcolor="#EEEEEE"></td>
                <td height="164" width="137" valign="top" bgcolor="#EEEEEE">
```

crossfi    1 of 4