**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> 360 FITNESS SUPERSTORE, et al., <br><br> Defendants. <br> _____/ | No. C 14-00901 JSW <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

This matter comes before the Court upon consideration of the motion for preliminary injunction, filed by Plaintiff CrossFit, Inc. ("CrossFit"). The Court notes that Defendants' separate objections to CrossFit's evidentiary submissions violate Northern District Local Rule 7-3(a), and the footnotes in CrossFit's reply brief do not comply with Northern District Local Rule 3-4(c)(2). The Court HEREBY ADVISES all parties that, going forward, the Court shall not consider evidentiary objections that are not submitted within a parties' brief, and the Court shall strike any brief that fails to comply with the Northern District Civil Local Rules or this Court's standing orders without further notice to the party that files the offending brief.

The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court HEREBY DENIES CrossFit's motion. However, this ruling is without prejudice to CrossFit filing a renewed motion as the record develops.

//

//

//

**BACKGROUND**

CrossFit, through its founder Greg Glassman, "conceived and developed a fitness regime designed to optimize fitness through varied functional movements." (Compl. ¶ 10.)[1] CrossFit owns various trademarks and service marks for goods and services that include, *inter alia*, fitness, nutrition, clothing, and exercise equipment. (Declaration of Marshall Brenner ("Brenner Decl."), ¶¶ 3-4, Exs. A-B.) CrossFit also has created a website "www.crossfit.com," which provides a workout of the day, training videos and other advice to its clients. (Compl. ¶¶ 10-11.)

As part of its business model, CrossFit offers certification programs which, if completed, authorize a trainer to use the CROSSFIT® mark on business cards and resumes. If a CROSSFIT® certified trainer enters into an annually renewable license agreement, the trainer is permitted to open a CROSSFIT® gym - or "box" - and become an authorized CROSSFIT® affiliate. (*Id.*, ¶ 14.) "CrossFit has also licensed its trademarks on an extremely limited basis to leaders in the field of athletic gear and equipment." (*Id.* ¶ 15.)[2] It is undisputed that Defendants, 360 Fitness Superstore and Alex Krichevsky (collectively "360 Fitness"), are not licensed to use the CROSSFIT® marks.

CrossFit alleges that, "as early as 2012," 360 Fitness began using the CROSSFIT® mark to sell fitness equipment through its website. (Compl. ¶¶ 13-14.) Between October and December 2012, CrossFit sent 360 Fitness cease and desist letters, and, in December 2012, 360 Fitness removed references to the CROSSFIT® mark from its website and other media. (*Id.* ¶¶

---

[1] "CrossFit defines its CROSSFIT® brand fitness training program as 'constantly varied functional movements performed at a relatively high intensity'" ("CVFMHI"). (Brenner Decl., ¶ 5.) CrossFit contends that "[a]ll CrossFit is CVFMHI, but not all CVFMHI is CrossFit." (*See, e.g.,* Declaration of Randolph Gaw ("Gaw Decl."), Ex. J.)

[2] 360 Fitness filed a request for judicial notice, in which it asks the Court to take judicial notice of a complaint filed by CrossFit in the United States District Court for the Southern District of Colorado. The Court denies that request. First, although the Court can take judicial notice of the fact that CrossFit filed the complaint, the Court cannot take judicial notice of disputed facts contained in that complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Moreover, the paragraph to which 360 Fitness cites does not suggest that CrossFit has "disavowed an intent" to manufacture exercise equipment.

2

20-23; Brenner Decl., ¶¶20-23, Exs. H-I; Declaration of Yuo-Fong C. Amato ("Amato Decl."), ¶¶ 4-12, Exs. 3-9.)[3]

On or about February 1, 2014, CrossFit discovered that 360 Fitness had resumed use of the CROSSFIT® mark on its website and in social media. (Brenner Decl., ¶ 24, Ex. J; Amato Decl., ¶¶ 13-16, Exs. 10-13.) When 360 Fitness failed to respond to CrossFit's cease and desist letters, Crossfit filed its complaint in this action, in which it alleges claims for trademark infringement, false designation of origin, and trademark dilution. (*Id.* ¶¶ 24-53.) CrossFit now moves for a preliminary injunction, based on its trademark infringement claim.

The Court shall address additional facts as necessary in its analysis.

**ANALYSIS**

In order to obtain a preliminary injunction, CrossFit "must establish that [it is] likely to succeed on the merits, that [it is] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id*. at 24 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

---

[3] 360 Fitness objects to Exhibits 1, 3 and 14 of the Amato Declaration, and the paragraphs that purport to authenticate those exhibits. The Court overrules these objections. Exhibit 1 is not offered for the truth of the matter asserted. Even if it were, "[d]ue to the urgency of obtaining a preliminary injunction, at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings." *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013). For that reason, the Court also overrules the objections to Exhibits 3 and 14.

The Ninth Circuit has stated its "serious questions" sliding scale approach survives *Winter*, whereby a court may grant preliminary injunctive relief if a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor." *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) ("*Lands Council*"), *overruled on other grounds by Winter*, 555 U.S. at 22) (hereinafter "*Cottrell*"). Whether a plaintiff establishes a likelihood of success on the merits or establishes serious questions going to the merits, that plaintiff still must show the likelihood of irreparable harm and that the public interest favors an injunction. *Cotrell*, 632 F.3d at 1135.

The Ninth Circuit recently held that a trademark owner is no longer entitled to a presumption of irreparable harm if it demonstrates likelihood of success on the merits of its claim. *Herb Reed*, 390 F.3d at 1249-50. Thus, even upon a showing of likelihood of success on the merits, a plaintiff must put forth evidence that irreparable harm is likely, and not merely speculative or possible.

CrossFit submits an excerpt from 360 Fitness' webpage that includes a statement that "if you are into CrossFit, you'll probably want high quality CrossFit equipment. You can buy the very best CrossFit products online and acquire them through a dependable CrossFit equipment store." (Amato Decl., ¶ 13, Ex. 10; *see also id.* (suggesting purchase of equipment from a "reliable CrossFit store").) According to CrossFit, 360 Fitness has received negative reviews for its service and prices, which CrossFit argues causes irreparable harm to its reputation and its ability to control its mark. (Amato Decl., ¶ 17, Ex. 14 (Yelp! reviews).) "Evidence of loss of control over business reputation and damage to good will" may be sufficient to establish irreparable harm. *Herb Reed*, 736 F.3d at 1250 (citing *Stulhbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001)).

The Yelp! reviews which 360 Fitness submits in support of its motion include both positive and negative reviews of 360 Fitness. However, none of the negative reviews suggest that the customer believed 360 Fitness to be associated or affiliated with CrossFit, the company. Of the three reviews that do mention CrossFit, in one of them the *customer,* rather than 360

4

Fitness, suggests that CrossFit is expensive. However, he also stated, with regard to the equipment he purchased, it is "hard to find anything better." (Amato Decl., Ex. 14, Yelp! Review from Jhoe G.) One other review that expressly mentions CrossFit, also notes that 360 Fitness' prices are expensive, but also states that "Customer service was excellent and pickup of my items was fast and convenient. I will be returning for future orders." (*Id.*, Yelp! Review from Michael M.) The third review responds to Michael M.'s review and although the customer complains about 360 Fitness' prices, he does not suggest that he thinks 360 Fitness has an affiliation with CrossFit. Indeed, his comments appear to respond to Michael M.'s personal opinion about CrossFit.

The Court recognizes that injury to good will and business reputation can constitute irreparable harm. However, it also is clear that a trademark holder now must put forth evidence of such injury and not merely rely on evidence that could support a finding of likelihood of confusion. *Herb Reed*, 736 F.3d at 1250 (and noting that "email from a potential customer complaining ... simply underscore[d] customer confusion, not irreparable harm"). The Court concludes that CrossFit has not met its burden to show that irreparable harm, in the form of injury to reputation or good will, based on 360 Fitness' conduct is likely rather than merely possible. Assuming solely for the sake of argument, that Crossfit has made a showing of likelihood of success on the merits on its infringement claim, the Court concludes that to find irreparable harm based on the existing record, would have the "practical effect" of reinserting "the now-rejected presumption of irreparable harm" into the analysis. *Herb Reed*, 736 F.3d at 1250.

Accordingly, the Court DENIES CrossFit's motion. However, the Court shall not preclude CrossFit from filing a renewed motion for a preliminary injunction as the factual record in this case develops.

**IT IS SO ORDERED.**

Dated: September 2, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE